**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TERRENCE JEFFERSON PETITIONER

VS. 4:18-CV-00675-BRW/JTR

DOE RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

On September 14, 2018, Petitioner Terrence Jefferson ("Jefferson") filed a *pro se* § 2241 Petition for Writ of Habeas Corpus.[1] *Doc. 2*. Liberally construing his

[1] Jefferson brought this habeas action using a § 2254 habeas petition form. However, because Jefferson sought relief *before* trial and judgment in state court, his remedy, if any, would

allegations, Jefferson claims that the Prosecutor for the 20th Judicial District wrongfully *charged* him with felony possession of oxycodone when, in fact, he possessed only "fish tank cleaner." *Doc. 2 at 5*. By way of relief, he requests this Court to order the dismissal of all of the *still pending* charges. *Doc. 2 at 5, 12, and 13*.

As explained below, all of the state criminal charges against Jefferson have now been *nolle prossed* and he is no longer in custody on any of those charges. Accordingly, because the habeas claims Jefferson is attempting to raise in this action are now moot, the Court recommends that Jefferson's Petition for Writ of Habeas Corpus be dismissed, without prejudice.

## II.  Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.

---

have been under § 2241(c)(3). *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)). Accordingly, the Court construes Jefferson's habeas Petition as an action under § 2241.

1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).

The filings in *State v. Jefferson*, Faulkner County Circuit Court Case No. 23CR-18-210,[2] conclusively establish that: (1) On February 12, 2018, Jefferson was charged in a felony information with one count of felony possession of oxycodone; (2) After his first appearance, on March 19, 2018, Jefferson was released on a secured bond; (3) On April 9, 2018, Jefferson failed to appear at his arraignment; (4) On July 31, 2018, the trial court revoked Jefferson's bond; (5) On August 21, 2018, the state amended the felony information to add a charge for Jefferson's failure to appear at his arraignment; and (6) On October 5, 2018, the Faulkner County Prosecutor *nolle prossed* the drug possession charge, Jefferson entered a negotiated plea of guilty to the failure to appear charge,[3] and he was released from the Faulkner County Detention Center on that date.[4]

---

[2] The Court has accessed the criminal docket using the Arkansas courts' website. *See* https://caseinfo.aoc.arkansas.gov.

[3] Jefferson received 24 months' probation, a fine of $750, court costs of $670, and 60 days to be served in the county jail (which he had already served). *See* Sentencing Order, *State v. Jefferson*, Case No. 23CR-18-210 (Faulkner County Cir. Ct., October 5, 2018).

[4] Jefferson recently filed a change of address that indicates he is currently incarcerated in the Pope County Jail for failure to pay child support. *Doc. 3*. The Faulkner County Sheriff's Office website further indicates that Jefferson was released from Faulkner County Detention Center on October 5, 2018. *See* http://fcso.ar.gov/roster_view.php?booking_num=50141031.

Under Article III, § 2 of the United States Constitution, the exercise of judicial power depends upon the existence of a case or controversy. *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974). This means that a petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a petitioner cannot show an existing case or controversy through all the stages of his litigation, his case becomes moot, depriving the court of its power to act because there is nothing to remedy, even if the court were disposed to do so. *Id*. at 18.

The public record establishes that, on October 5, 2018, the Prosecutor *nolle prossed* the drug possession charge Jefferson challenges in his Petition. Even assuming Jefferson had a colorable habeas claim under § 2241 when he filed his Petition, the sole issue raised in his Petition – *whether the substance Jefferson possessed was oxycodone or fish tank cleaner* – has been resolved in his favor and he is no longer in state custody on any of the charges filed against him in Faulkner County. Thus, his claim is now moot.[5]

---

[5] Jefferson's habeas Petition also appears to seek monetary damages. Habeas corpus is not an appropriate or available remedy for seeking to recover monetary damages. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

Accordingly, the Court recommends dismissing, without prejudice, Jefferson's Petition for Writ of Habeas Corpus.

## III. Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, that Petitioner Terrence Jefferson's Petition for Writ of Habeas Corpus pursuant to § 2241, *Doc. No. 2*, be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. [6]

Dated this 6th day of November, 2018.

UNITED STATES MAGISTRATE JUDGE

[6] 28 U.S.C. § 2253(c)(1)(A) requires a COA to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." *See Evans v. Circuit Court of Cook Cty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (holding that state prisoners proceeding under § 2241 must obtain a COA where the target of the habeas petition arises out of process issued by a state court.); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) (same).